Argued and submitted June 15, reversed and remanded with instructions
December 23, 1998

ASSOCIATED STUDENTS OF OREGON
STATE UNIVERSITY,
an unincorporated association,
*Respondent,*

*v.*

OREGON STATE UNIVERSITY,
an institution of higher education under
the Oregon State System of Higher Education,
*Appellant.*

(96C-10603; CA A95610)

970 P2d 269

Robert M. Atkinson, Assistant Attorney General, argued the cause for appellant. With him on the opening brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General. With him on the reply brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

James M. Brown argued the cause for respondent. With him on the brief was Enfield Brown Collins & Knivila.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

LANDAU, P. J.

---

* Deits, C. J., *vice* Riggs, J., resigned.

## LANDAU, P. J.

Plaintiff Associated Students of Oregon State University (ASOSU) negotiated, purchased, and offered health insurance to students of defendant Oregon State University (University). After several years of coverage, the policy terminated, and the insurer returned a sizeable experience credit. At issue in this case is whether ASOSU must deposit the experience credit into an account overseen by the University. ASOSU contends that it is not subject to University accounting rules. The University contends that ASOSU, as its student government, is subject to regulations that apply to all recognized student organizations, which include deposit of funds into accounts overseen by the University. The trial court entered summary judgment in favor of ASOSU. We reverse.

The facts are uncontroverted. ASOSU is the student government at the University. Substantially all of ASOSU's funding is collected by the University and is made available as a result of the University's ability to impose incidental fees on students at the University. The University director of operations is authorized to write checks and draw funds from ASOSU's student fee trust accounts.

In 1985, ASOSU decided to offer a group health plan to students at the University. It selected a health insurance provider, Pacific Heritage Assurance Company (Pacific), and negotiated a contract with the provider. The insurance policy named ASOSU as the policyholder. The policy was offered only to students at the University and their dependents.

The University administered the policy. Students wishing to purchase coverage notified the University by checking a box on the University's registration form. The University billed the students for the appropriate payments and deposited the payments into a University "Memorial Union" student fee trust account. From that account, the University paid the insurance premiums to Pacific.

The policy contained a "retention agreement" clause that provided that "[t]he experience credit earned will be the property of the policyholder upon termination of the account."

The policy terminated on August 31, 1992. At that time, there was approximately $200,000 in the experience credit account, and Pacific returned the funds to ASOSU in accordance with the terms of the policy. ASOSU deposited the funds into a non-University account. The Oregon State System of Higher Education requested that ASOSU deposit the funds in a University account. ASOSU refused and initiated this declaratory judgment action, requesting a declaration that, at least as to the Pacific experience credit, it is not subject to University investment and accounting rules.

Both ASOSU and the University moved for summary judgment. ASOSU contended that it is not subject to University rules, because it is merely an unincorporated association of students unconnected in any way with the University. ASOSU acknowledged that it is the student government at the University, but argued that, as to the transaction at issue, it did not act as an agent of the University. The University argued that, among other things, because ASOSU is the student government of Oregon State University, it is subject to the regulations that govern the operations of all recognized student organizations. The trial court granted ASOSU's motion and denied the University's. The court held that ASOSU was not an agent of the University and that consequently it was not subject to University investment and accounting rules. The court entered a judgment accordingly and awarded ASOSU attorney fees.

On appeal, the University assigns error to the trial court's entry of summary judgment in favor of ASOSU and to the denial of its motion for summary judgment. It also assigns error to the award of attorney fees. Concerning the first assignment, the University makes two arguments. First, it argues that, as the recognized student government of the University, ASOSU is obligated by administrative rule to comply with University investment and accounting rules. Second, and in the alternative, it argues that ASOSU is a state agency and therefore is subject to investment and accounting rules that apply to state agencies. Because we agree with the University as to the first argument, we do not address the second.

In reviewing the trial court's entry of summary judgment, we determine whether there are genuine issues of material fact and whether either party is entitled to judgment as a matter of law. ORCP 47 C.

University regulations permit the creation of "recognized" student organizations. *See generally* OAR 576-018-0010 *et seq.* Such organizations are subject to various regulations concerning their activities, and among those regulations is one that provides:

> "Student fee funded organizations and programs may not have off-campus bank accounts and are required to maintain their organizational accounts in the Memorial Union Business Office."

OAR 576-018-0150(4). Student government is an organization that may be "recognized," as shown by references to recognized student governments in statutes, *see, e.g.,* ORS 351.070(3)(d) (authorizing the State Board of Higher Education to prescribe incidental fees for certain programs on its own motion or on "recommendation of the recognized student government" of the institution concerned), and in administrative rules, *see, e.g.,* OAR 580-010-0090 (recognized student governments shall designate representatives to meet with university president to determine budgeting, allocation, and amount of incidental fees).

In this case, ASOSU does not contest the validity or the terms of the administrative rule that requires recognized student organizations to maintain their funds in the Memorial Union account. Nor does it contest that ASOSU is a recognized student organization. Its only argument is that "the record is silent with respect to what 'recognition' meant in this case." What recognition means, however, is not something that must be established as a matter of fact. The relevant administrative rules make clear the consequences of recognition as a matter of law: It means that an organization is entitled to engage in certain activities on University property and is subject to a variety of limitations regarding the nature of those activities, one of which requires maintaining organization funds in the Memorial Union account. OAR 576-018-0150(4).

The logic of the University's argument, therefore, is straightforward. Recognized student organizations—including recognized student governments—must maintain their funds obtained through the use of university facilities in the Memorial Union account. ASOSU is the recognized student government of OSU. The conclusion necessarily follows that ASOSU must maintain its insurance experience credit refund—obtained through the use of university facilities—in the Memorial Union account.

We conclude that the trial court erred in granting ASOSU's summary judgment motion and in denying the University's motion. Because we reach that conclusion, it follows that the award of attorney fees also must be reversed.

Reversed and remanded with instructions to enter judgment in favor of defendant.